*266 OPINION of the Court, by
Judge Logan..
This was a suit in chancery, brought by the heirs and distri-hutces of Joseph Pmvett, deceased, against his execu-tor, f<»i* their respective proportions of his estate, ac-cording to the will of the testator.
The pleadings are lengthy, and not at all important «“late. The estate is considerable, and the accounts various and compli. ated. The court referred them to auditors, who arranged and adjusted them w ith the dobits and credits, and reported upwards of a thousand pounds as remaining in the hands of the executor, in-eluding a bond for ¿120 on a man in Virginia, which had t>een for several years due. Interest on various sums received from time to time by the executor, belonging to the estate, composed a part of the above sum.
Many objections were taken to the report, which were overruled, and a decree pronounced in favor of the complainants according to their respective shares remajni)ig unpaid. From which decree the defendant has appealed to this court, and assigns various errors, which in the general will be unnecessary to notice.
¿t<„ a„d devi-ms or ih- tef-ta,"r uld ¿’⅛6 0
To such as relate to the report of the auditors, it is sufficient to observe, that the reference to auditors is merely for the convenience'of the court in liquidating, arranging ami adjusting the accounts $ and that therefore, whatever objections might lie to the report, if the decree is correct they would be cured and form no ground for reversal.
It is pretty evident that the sum decreed as against the appellant, is not erroneous. 1⅜ rom his own showing we can have but little doubt there is at least that sum for wiiich he ought in equity to account to the distrihu-tees. He admits assets to the amount of 2023?. and some shillings, and claims a credit for 1130?. and some shillings, for debts and legacies paid- — admitting there is unpaid in his hands 8S2?. &c. llut he controverts tire right to demand interest on the money in his hands, He seems to suppose himself entitled to retain the money until the children are of age or marry, under the will of the testator, although he had not before claimed them as his ucards, but had given them up into the hands of other guardians, who are chargeable with their education, (Vc. and had placed them out to trades. For although the executor was charged by the will with this trust, yet having failed to exercise the power, and permitted it to pass into the hands of guardians, who have the care and direction of the children, it but ill becomes him now to put up claim to the possession and use of the money. He was allowed a commission of live per cent, on the money collected, and has for several years had the use of the money,
He is justly chargeable with interest, which, on the amount of the sum he admits to be in his hands unpaid, will make up as much as the sum decreed,
The report of the auditors is primafude evidence of the accounts exhibited, and if it be incorrect it ought to have been shown and exceptions taken, which would have presented the points deemed erroneous, and might to that extent be corrected by the appellate court.
The guardians have a light to demand and receive the proportions of their respective wards. But it was-erroneous to decree against the executor without requiring security from the complainants to refund their just proportions im the event of debts and demands against ¾¾⅛ executor and cosí of such* suits.
*268 For tUis7 reason, therefore, the decree must be rever», ed with costs, and remanded for a decree to be entered accordingly.
The cause was suspended by a petition for a rehearing until spring term 1816, when the court delivered the following opinion :
Upon a review of this cause, we are of opinion that for want of persons necessary to be made parties to this suit,, the former opinion pronounced ought to be set aside, the decree of the circuit court reversed and the cause remanded, with leave to the complainants to make the widow and the other children and devisees of the testator parties to the suit. They are interested in the subject matter in dispute, in as much as their proportions under the will, will be more or less according to the recovery in this controversy, and ought therefore to be before the court. When this cause was before under consideration,, the assignment of errors which presents this point as necessary for determination was not perceived, owing perhaps to two sets of errors which appear in the re., cord, one of which does not contain this error.