JUDGE BULLITT
delivered the opinion op the court:
Pearce and others, heirs and distributees of Elizabeth Mount-joy, obtained a judgment against Joseph Kennedy, her administrator, and against Lillard and Bugg, his sureties in the administration bond, for $1,473.22, alleged to be in the hands of the administrator and subject to distribution, from which this appeal was taken.
No answer was filed by either of the defendants, and the judgment was rendered by default.
It was erroneous to render judgment against the administrator without requiring a refunding bond from the distributees. This was well settled under the 50th section of the act of 1797, (1 S. L., 668,) which declared that, “no distribution shall be made of the intestate’s estate until nine months after his death; nor shall an administrator be compelled to make distribution at any time until bond and security be given by the person entitled to distribution, to refund due proportions of any debts or demands which may afterwards appear against the intestate.” (Prewitt’s ex'r. vs. Prewitt's heirs, 4 Bibb, 266; White &c. vs. Clarke, 7 Mon., 643; Shirley vs. Mitchell, 3 J. J. *99 Mar., 684. We need not consider the effect of section 11, art. 2, chap. 37, of the Revised Statutes, which declares that, “Before an administrator shall make distribution, each distributee shall, if required, give an obligation, with good surety, to refund,” &c.; because it is provided in the Code that, in proceedings of this character, “the court shall require the distrib-utee or legatee, before receiving his distributive share or legacy, to execute bond, with good surety, to the commonwealth, conditioned to pay his proportion, not exceeding the amount received by him, of any debt which may appear against the estate,” &c., (section 471.) This was substantially a re-enactment of the statute of 1797, section 50, as construed in the above cited cases.
The judgment against the sureties was erroneous for another reason. The petition showed a cause of action against the administrator irrespective of the bond, but it stated no caus ■ of action against the sureties, because it did not state the terms or substance of the bond alleged to have been executed by them. (Hill vs. Barret, 14 B. Mon., 86; Collins vs. Blackburn, Id., 254.)
The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.