MARION BURBRIDGE *v.* HERMON W. VARNON.

**Bonds—Action on—Contract to Be Stated in Petition—Exhibits.**

A petition founded on a written obligation should state so much of the contract as to show the plaintiff entitled to a recovery by reason of the breach or the nonperformance of the undertaking by the defendant; and this requirement will not be dispensed with by the mere exhibition of the writing or a statement of the plaintiff's own conclusions of law as to its effect.

**Pleadings—Insufficient Petition—Demurrer May Be Sustained or Judgment for Defendant.**

Although a court might have properly sustained a demurrer to an insufficient petition, it may, on the submission of the case, render a judgment for the defendants.

APPEAL FROM SCOTT CIRCUIT COURT.

October 13, 1871.

OPINION BY JUDGE HARDIN:

The only statement in the petition of the terms or substance of the bond executed by Burbridge and the appellee is that "upon the 28th day of May, 1861, O. H. Burbridge, by the order of this court, executed a bond as committee of Marion Burbridge, with H. W. Varnon as his surety, which is also here filed, and which he is advised binds the said Varnon for all moneys received by said O. H. Burbridge as committee aforesaid for the

faithful discharge of his duties, as committee and the performance of all orders and decrees of the court touching the trust in his hands *aforesaid.*"

The first question to be determined, and the only one it will be necessary to consider, whether with reference to the contract sued on, the petition states facts sufficient to constitute a cause of action. It is a rule which has been repeatedly observed by this court, under our present system of pleading, that a petition founded on a written obligation should state so much of the contract as to show the plaintiff entitled to a recovery by reason of the breach or nonperformance of the contract by the defendant; and this essential requirement will not be dispensed with by the mere exhibition of the writing or a statement of the plaintiff's own conclusions of law as to its effect. *Hill for, etc., v. Barrett,* 14 B. Mon. 83; *Collins v. Blackburn, Id.* 252; *Montjoy's Administrator v. Pearce et al.,* 4 Met. 97.

. Applying this rule to the petition in this case, we are constrained to conclude that no sufficient cause of action, against the appellant, was set forth in the petition. It does not even show to whom the undertaking of the bond was made, whether to Marion Burbridge or some other person for her, or to the Commonwealth, nor what were its particular stipulations or covenants for the breach of which alone the surety could be held liable.

The court might properly have sustained the demurrer to the petition, or have treated it as insufficient and refused, on the submission, to render any judgment against the appellee Varnon. But as he has not complained of the judgment which was rendered against him, and the only inquiry on this appeal is as to the refusal of the court below, in the case as presented, to hold him bound for the proceeds of the shares sold under the decree of the court in the hands of O. H. Burbridge; we perceive no sufficient reason for reversing the judgment on this appeal. Therefore the judgment is affirmed.

*Robinson, Darnaby, for appellant.*

*Breckenridge, for appellee.*